

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) INDICTMENT |
| | ) NUMBER 4:21 CR 48 |
| | ) |
| TELLY GREEN | ) |

## PLEA AGREEMENT

Defendant **TELLY GREEN,** represented by his counsel Matthew Midgett, and the United States of America, represented by Assistant United States Attorney Jennifer Kirkland, respectfully state to this Honorable Court that they have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1.   **GUILTY PLEA**

Defendant agrees to enter a plea of guilty to Count 1 of the Indictment, which charges a violation of 18 U.S.C. §922(g)(1).

2.   **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove the offense charged in Count 1 are (1) the defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; (2) before possessing the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year and (3) the defendant knew that he was a felon.

T G

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements. The Defendant agrees that had this matter proceeded to trial, the Government would have proven beyond a reasonable doubt the following facts:

On or about August 5, 2020 , at 30 Davietta Drive in Chatham County, within the Southern District of Georgia, the defendant.

**TELLY GREEN,**

knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is a Taurus Millennium 9mm, said firearm having been shipped and transported in interstate commerce.

On August 4, 2020, at around 11:30PM, detectives from Savannah Police Department (SPD) responded to a shooting at 30 Davietta Drive in Savannah, Georgia. Investigation revealed that Defendant had been observed, on video footage shooting and by witnesses, shooting at a passing car in the vicinity of 30 Davietta Drive. On August 5, 2020, SPD, as a part of investigating the shooting from the previous night, secured a search warrant for the residence, 30 Davietta Drive. During the execution of the search warrant multiple firearms were found, one of which was Taurus Millennium 9mm pistol. DNA analysis was conducted on a swab taken from the Taurus and compared to a swab of Defendant's DNA, which confirmed that the Defendant's DNA was on the Taurus. The aforementioned Taurus firearm was manufactured in Brazil and traveled in interstate and foreign commerce to reach Georgia. Defendant, at the time, was at least a three-

2

TG

time convicted felon.  Defendant's signature appears on his conviction paperwork for the felony offense of: Possession of a Firearm by a Convicted Felon, adjudicated in 2015.

All done in violation of Title 18, United States Code, Section 922(g)(1).

3.   **POSSIBLE SENTENCE**

Defendant's guilty plea will subject him to the following maximum possible penalties: Not more than ten (10) years of imprisonment, three (3) years of supervised release, a $250,000 fine, and such restitution as may be ordered by the Court.  The Court additionally must impose a $100 special assessment per count of conviction.

Should defendant be found to have three previous convictions for a violent crime or serious drug offense, or both, committed on occasions different from one another, the term of imprisonment would be not less than fifteen years, nor more than life, a fine not more than $250,000, not more than five years of supervised release and a $100 special assessment. 18 U.S.C. §924(e).


4.   **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

TG

5.  **COURT'S USE OF GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory: the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  **AGREEMENTS REGARDING SENTENCING GUIDELINES**

a.  *Acceptance of Responsibility*

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

*TG*

b.    *Use of Information*

The Government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

## 7.    FINANCIAL OBLIGATIONS AND AGREEMENTS

a.    *Restitution*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.    *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100 per count, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.    *Required Financial Disclosures*

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another.

Case 4:21-cr-00048-RSB-CLR   Document 32   Filed 07/01/21   Page 6 of 10

Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d.   *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

8.   **WAIVERS**

a.   *Waiver of Appeal*

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the

*TG*

sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

TG

9.   **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

10.   **SATISFACTION WITH COUNSEL**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

11.   **BREACH OF PLEA AGREEMENT**

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice by tampering with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the Government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been

8

TG

dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

## 12.   ENTIRE AGREEMENT

This agreement contains the entire agreement between the Government and Defendant. The Government has made no promises or representations except those set forth in writing in this Plea Agreement.  The Government further denies the existence of any other terms or conditions not stated herein.  No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

_____
Date

_____
Karl Knoche
Chief, Criminal Division

6/11/2021
Date

_____
Jennifer K. Kirkland
Assistant United States Attorney

9

*T G*

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

5/25/2021
Date

Telly Green
Telly Green
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

26 May 2021
Date

//s// Matthew Midgett
Matthew Midgett
Defendant's Attorney